WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ristal, Inc., d/b/a SelectBlinds.com, f/k/a LowestMortgage.com, an Arizona corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>MEI Ventures, Inc., a California Corporation, and James M. Ellis, individually,<br><br>    Defendants. | No. 05-2491-PHX-ROS<br><br>**OPINION AND ORDER** |

Pending before the Court is a motion filed by counsel for Defendants MEI Ventures, Inc. and James M. Ellis. That motion requests the Court allow counsel to withdraw. The motion also seeks an extension of time for Defendants to respond to a motion filed by Plaintiff. (Doc. # 22) The motion is granted in part and denied in part, pending further filings by counsel. desperately

### BACKGROUND

Quarles & Brady Streich Lang L.L.P., and James A. Ryan, Kevin D. Quigley, and Susan E. Brichler are currently the counsel of record for Defendants MEI Ventures, Inc. and James M. Ellis. Counsel requests permission to withdraw due to Defendants' failure "to provide the retainer necessary to continue representation in this case." Counsel also assert

that Defendants have communicated that they "are financially unable to pay counsels' fees as they become due." (Doc. # 22) Counsel has been unable to obtain consent to withdraw.

## ANALYSIS

According to the Rules of Practice of the United States District Court for the District of Arizona ("Local Rules"), "[n]o attorney shall be permitted to withdraw . . . as attorney of record . . . except by formal written order of the Court." Local Rule 83.3(b). When an attorney wishes to withdraw, but is unable to secure the written approval of the client, the motion to withdraw must be accompanied by a certificate stating that "the client has been notified in writing of the status of the case including the dates and times of any court hearings or trial settings." No such certificate was submitted by counsel.

Also, according to Local Rule 83.2, attorneys must comply with the Arizona Rules of Professional Conduct. According to those rules, an attorney may withdraw from representing a client only under certain circumstances. Rule of Professional Conduct 1.16(b)(1)-(7). If withdrawal is permitted, an attorney must "take steps to the extent reasonably practicable to protect a client's interests." Rule of Professional Conduct 1.16(d). Those steps may include "giving reasonable notice to the client, allowing time for employment of other counsel, [and] surrendering documents and property to which the client is entitled." Id. There is no indication in the request by counsel that these steps have been taken.

Assuming that counsel complies with all applicable rules and withdrawal is appropriate, counsel should inform Defendants that "a corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993). Thus, Defendant MEI Ventures, Inc. must retain new counsel in order to participate in this litigation. As an individual, Defendant James M. Ellis may retain new counsel or appear on his own behalf.

Accordingly, if Counsel wishes to withdraw they are ordered to submit a certificate to the Court within ten days of this order stating they have accomplished the following.

(1) Notified Defendants in writing of the status of the case including the date and time of all future deadlines.

(2) Complied with all the requirements of the Arizona Rules of Professional Conduct regarding withdrawal of representation.

(3) Delivered a copy of this order to Defendants.

(4) Informed MEI Ventures, Inc. of its need to retain new counsel.

(5) Informed James M. Ellis of his options regarding obtaining new counsel or proceeding on his own behalf.

Assuming counsel is able to comply with these requirements, Defendant MEI Ventures, Inc. is ordered to retain new counsel within thirty days of this order. MEI Ventures, Inc. shall notify the Court once new counsel has been obtained.

James M. Ellis is also ordered to either retain new counsel within thirty days of this order and notify the Court or inform the Court within thirty days that he intends to proceed on his own behalf.

Finally, submitted with the request to withdraw was a request for an extension of time to respond to a motion to dismiss filed by Plaintiff. The Court has considered the request for an extension as well as the response filed by Plaintiff. In light of the possibility that Defendants will be forced to obtain new counsel, the request for an extension of time is granted. Defendants have forty-five days after the filing of this order to file a response to Plaintiff's Motion to Dismiss with Prejudice Counts II and III of Defendants Counterclaims.

Accordingly,

IT IS ORDERED that Defendant's Motion to Withdraw (Doc. # 22) is DENIED, pending further filings by counsel as set forth above in this order. The Court will grant the motion once counsel has made those filings.

IT IS FURTHER ORDERED that in anticipation of an order granting defense counsel's motion to withdraw, Defendant MEI Ventures, Inc. has thirty days from the date of this order to obtain new counsel and Defendant James M. Ellis has thirty days from the

1  order to obtain new counsel or opt to proceed pro se. Defendant Ellis will notify the Court
2  before the expiration of thirty days what his status is.
3      IT IS FURTHER ORDERED that Defendants' Motion for Extension of Time (Doc.
4  # 22) is GRANTED. Defendants have forty-five days from the date of this order to file a
5  response.
6      IT IS FURTHER ORDERED that the Clerk of the Court is directed to enter default
7  judgment against Defendants if Defendants do not comply with this order within forty-five
8  days from the date of this order.

9  DATED this 11/8/05.

12  _____
    Roslyn O. Silver
13  United States District Judge